UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| STANDARD INSURANCE COMPANY | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | * | JUDGE |
| LORI PILKINTON, MAUREEN TOBIN STANLEY, MARGARET M. TOBIN, AND JOSEPH DAVID TOBIN | * | |
| | * | MAGISTRATE JUDGE |

\*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR INTERPLEADER UNDER 28 U.S.C. § 1335

Plaintiff, Standard Insurance Company ("Standard"), for its Complaint against the defendants states as follows:

### JURISDICTION

1.  This is a civil action for interpleader governed by 28 U.S.C. § 1335, over which this Court has original jurisdiction inasmuch as it involves two or more adverse claims by claimants of diverse citizenship to a $277,000.00 benefit payable under a policy of accidental death and dismemberment insurance under which Raymond F. Tobin ("Tobin" or "the Insured") was insured.

## PARTIES

2. Plaintiff, Standard, is an insurance company organized under the laws of the State of Oregon. Standard is licensed to conduct business, and is presently conducting business, in the State of Louisiana.

3. Defendant, Lori Pilkinton, is, on information and belief, a person of full age and majority, a resident of the Parish of Caddo, State of Louisiana, and the designated beneficiary of Standard Policy no. 641797-A on the date of death of the Insured.

4. Defendant, Maureen Tobin Stanley, is, on information and belief, a person of full age and majority, a resident of Minnesota, and the daughter of the Insured.

5. Defendant, Joseph David Tobin, is, on information and belief, a person of full age and majority, a resident of Pennsylvania, and the son of the Insured.

6. Defendant, Margaret M. Tobin, is, on information and belief, a person of full age and majority, a resident of Maryland, and the daughter of the Insured.

## STATEMENT OF FACTS

7. At the time of his death, Tobin was insured in the amount of $277,000.00 under Group Accidental Death and Dismemberment Insurance Policy 641797-A ("the Policy"), issued by Standard to Financial Solutions Associations, Inc. ("the Policyholder").

8. On information and belief, on November 14, 2008, the Policyholder received an AD&D Change Form bearing the signature of the Insured and dated November 11, 2008, seeking a change of his beneficiary on the Policy to Lori H. Pilkinton, "friend."

9. Under the terms of the Policy, a change of beneficiary takes effect on the date it is delivered to the Policyholder, or the Insured's Financial Institution.

10. On November 15, 2008, the Insured died of multiple gunshot wounds to the head.

11. As a result of the death of the Insured, the full amount of the benefits under the Policy was due and payable to the appropriate beneficiary or beneficiaries (the "Death Benefit").

12. On or about January 27, 2009, Standard received from the Policyholder a Proof of Death Claim Form for benefits on the life of the Insured, a Death Certificate for the Insured, an AD&D Change Form listing Lori H. Pilkinton ("Beneficiary") as the beneficiary for the Insured's coverage under the Policy, a Participant Detail print out for the Insured, and an e-mail from Maureen Tobin Stanley dated December 23, 2008 with attachments relating to the succession of Raymond Tobin. A copy of these documents, Bates-numbered STND 1533-00148-00161, is attached hereto, *in globo*, as Exhibit "A."

13. Upon information and belief, the Insured's death was determined to be a homicide.

14. Upon information and belief, the Beneficiary's husband, Charles Pilkinton, was charged with and tried for the murder of Raymond Tobin; his trial resulted in a mistrial.

15. On information and belief, the Beneficiary remains a "person of interest" in the ongoing investigation of the homicide of Raymond Tobin. If it is determined that Lori Pilkinton was involved in intentionally bringing about the death of the Insured, she would forfeit any right to the Death Benefit under L.S.A. R.S. 22:901 (D), which states, in relevant part:

> (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits thereunder accruing upon the death, disablement, or injury of the individual insured when said beneficiary, assignee, or other payee is:
>
> (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured; or
>
> (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

(2) Where such a disqualification exists, the policy proceeds shall be payable to the secondary or contingent beneficiary, unless similarly disqualified, or, if no secondary or contingent beneficiaries exists, to the estate of the insured. Provided, that nothing contained herein shall prohibit payment pursuant to an assignment of the policy proceeds where such payment defrays the cost and expenses of the insured's funeral or expense incurred in connection with medical treatment of the insured. Provided, also, that nothing contained herein shall prohibit payment of insurance proceeds pursuant to a facility of payment clause, so long as such payment is not made to a beneficiary, assignee, or other payee disqualified by this Section.

16. If it is found that Defendant Pilkinton had some involvement in the Insured's death and she has forfeited the right to receive the Death Benefit under the Policy, the children of the Insured – Defendants Maureen Tobin Stanley, Joseph David Tobin and Margaret M. Tobin -- would be the beneficiaries of the Death Benefit, pursuant to the terms of the Policy.

17. Under the circumstances, Standard cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential adverse claims, Standard is or may be exposed to multiple liabilities.

18. Standard is now, and at all times, has been ready and willing to pay the Death Benefit to the party or parties legally entitled to them.

19. Standard is a mere stakeholder and claims no beneficial interest in the Death Benefit.

20. Standard is prepared to pay into the registry of the Court the Death Benefits due under the terms of the Policy in the sum of $277,000.00, plus any allowable interest, to abide the judgment of the Court.

21. Standard has been compelled to employ attorneys for the purpose of protecting its interest arising out of these conflicting claims.

WHEREFORE, Standard requests the following:

1. That the defendants be ordered to interplead and settle among themselves their rights to the Death Benefit, with any allowable interest thereon;

2. That this Court issue an Order allowing Standard to pay the Death Benefit, together with any allowable interest, to the Clerk of this Court;

3. That following deposit of the Death Benefit into the registry of the Court, there be judgment herein that Standard has no further liability beyond its admitted liability of $277,000.00, plus any accrued interest;

4. That Standard, after payment of its admitted liability into the registry of the Court, is discharged of and from any and all liability for any benefits payable on account of the death of Raymond Tobin;

5. That the Court award Standard its costs, including a reasonable attorney's fee;

6. That this Court issue a Preliminary Order of Injunction enjoining and restraining the defendants, Margaret M. Tobin, Maureen Tobin Stanley, Joseph David Tobin, and Lori H. Pilkinton, from instituting or prosecuting any suit or proceedings against Standard Insurance Company in any state or federal court relating to the Policy under which Raymond Tobin was insured on the date of his death, and that, in due course, said order of injunction be made permanent; and

7. That the Court award such other and further relief to which Standard is entitled in law or equity.

PREAUS, RODDY AND ASSOCIATES, L.L.C.


*Virginia N. Roddy*
JENNIFER M. LAWRENCE, T.A.(23829)
VIRGINIA N. RODDY. (11367)
650 Poydras Street, Suite 2125
Telephone: (504) 523-2111
Facsimile: (504) 523-2223

ATTORNEYS FOR PLAINTIFF,
STANDARD INSURANCE COMPANY

6

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| STANDARD INSURANCE COMPANY | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | | |
| | * | JUDGE |
| LORI PILKINTON, MAUREEN TOBIN STANLEY, MARGARET M. TOBIN, AND JOSEPH DAVID TOBIN | * | |
| | * | MAGISTRATE JUDGE |

\* \* \* \* \* \* \* \*

## **O R D E R**

Considering the prayer of Standard Insurance Company in its Complaint for Interpleader Under 28 U.S.C. § 1335.;

**IT IS HEREBY ORDERED** that a Preliminary Order of Injunction be entered enjoining or restraining defendants, Lori H. Pilkinton, Maureen Tobin Stanley, Joseph David Tobin, and Margaret M. Tobin, from instituting or prosecuting any suit or proceedings against Standard Insurance Company in any state or federal court relating to the Standard Group Accidental Death and Dismemberment Policy, No.641797 ("the Policy"), under which Raymond F. Tobin was covered on the date of his death; and

**IT IS FURTHER ORDERED** that the Clerk of Court deposit into the registry of the Court a check representing the Death Benefit payable under the Policy, plus any allowable interest.

Shreveport, Louisiana, this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE